IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

VIRGINIA PROFESSIONAL STAFF
ASSOCIATION, *et al.*,

                                    Plaintiffs,

v.

VIRGINIA EDUCATION ASSOCIATION,

                                    Defendant.

Civil Action No. 3:14-CV-205

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on a Motion to Dismiss or Stay and Compel Arbitration ("Motion") (ECF No. 10) filed by Defendant Virginia Education Association ("VEA"). Plaintiffs include the Virginia Professional Staff Association ("VPSA")—a union—and fourteen former members of the VPSA (collectively, "Individual Plaintiffs") who were previously employed by VEA and who retired between 2006 and 2012. Plaintiffs filed a Complaint on February 3, 2014, alleging breach of two collective bargaining agreements ("CBAs"), in violation of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* For the reasons that follow, the Court will GRANT the Motion, STAY these proceedings, and COMPEL arbitration.

## I.   **BACKGROUND**

VPSA has represented employees of VEA for the purposes of collective bargaining for many years and has been the signatory on a number of CBAs with VEA. Specifically, VPSA represented the Individual Plaintiffs during negotiation of a CBA effective from 2006 until 2009 ("2006 CBA") and a CBA effective from 2009 until 2012 ("2009 CBA") (collectively, "Expired

CBAs"). Each of the Individual Plaintiffs retired from employment with VEA between 2006 and 2012, during the effective periods of either the 2006 CBA or the 2009 CBA.

Both the Expired CBAs contain identical provisions imposing a binding arbitration requirement for grievances and establishing a retiree medical benefit. The requirement of arbitration is imposed as the third step in a grievance procedure established by the Expired CBAs. The arbitration provision and the retiree medical benefit provision, respectively, state:

> If VPSA is not satisfied with the written decision [of VEA] and wishes to proceed further under this grievance procedure, VPSA shall, within fifteen (15) days after having received the written decision, submit the grievance to arbitration by filing a written Demand for Arbitration with the American Arbitration Association. . . .

> All disputes of grievability or arbitrability shall be resolved by the arbitrator.

(2009 CBA, ECF No. 11, Attach. 1, at 14, 16; 2006 CBA, ECF No. 11, Attach. 2, at 19, 22.)

> Upon retirement, VEA shall pay $50 per year of service to the VEA or any of its local affiliates (up to a maximum of 30 years) for retirees' coverage in the VEA hospitalization and major medical insurance program until age 65.

> For retirees 65 years of age or older, VEA shall pay $30 per year of service to the VEA or any of its local affiliates (up to a maximum of 30 years) for retirees' coverage to their hospitalization insurance carrier until age 75.

(2009 CBA, at 32; 2006 CBA, at 47.) Within the meaning of the Expired CBAs, a grievance subject to arbitration "is a claim by the [VPSA], acting on behalf of itself, or for any member . . . of a violation, misinterpretation, misapplication, or inequitable application [of the Expired CBAs], which affect the wages, hours, terms and other conditions of employment . . . ." (2009 CBA, at 13; 2006 CBA, at 19.) The Expired CBAs make the decision of the arbitrator "final and binding upon all parties." (2009 CBA, at 14; 2006 CBA, at 20.)

Pursuant to the retiree medical benefit provision, each of the Individual Plaintiffs began receiving an annual stipend from VEA upon retirement. The amount of the stipend varied based on each Individual Plaintiffs' years of employment with VEA. These payments continued until early 2013, when the Individual Plaintiffs were notified that VEA would cease or decrease stipend payments pursuant to the provisions of a newly negotiated CBA.

As it had with prior CBAs, VPSA negotiated a CBA effective from 2012 until 2015 ("2012 CBA") on behalf of VEA's employees. The 2012 CBA changed the retiree medical benefit, eliminating the stipend for retirees over the age of 65 and decreasing the stipend for retirees between the ages of 55 and 65. It states:

> Upon retirement, VEA shall pay $40 per year of service to the VEA (up to a maximum of 30 years) for retirees' coverage in the VEA hospitalization and major medical insurance program until 65.

(2012 CBA, ECF No. 11, Attach. 3, at 36.) The binding arbitration requirement is effectively unchanged in the 2012 CBA. (*See* 2012 CBA, ECF No. 11, Attach. 3, at 15.)

Plaintiffs Complaint alleges that VEA's decision to eliminate or decrease payment of the retiree medical benefit pursuant to the 2012 CBA breached its continuing contractual obligations to the Individual Plaintiffs under the Expired CBAs. Additionally, Plaintiffs assert that the Expired CBAs constitute benefit plans within the meaning of ERISA and that VEA's elimination or decrease of the retiree medical benefit constituted reduction of a vested benefit in violation of ERISA. VEA filed its Motion to Dismiss on March 5, 2014, asserting that the Complaint fails to state a claim and, alternatively, that Plaintiffs are bound by the Expired CBAs' arbitration clauses. VEA requests that the Court either dismiss the Complaint with prejudice, or stay this action and order arbitration consistent with the requirements of the Expired CBAs.

## II.   **LEGAL STANDARD**

Section 301 of the LMRA authorizes federal courts to enforce the terms of CBAs and, when appropriate, compel arbitration. 29 U.S.C. § 185; *Textile Workers Union of Am. v. Lincoln Mills of Ala.*, 353 U.S. 448, 451 (1957). In a series of three cases, known as the "Steelworker's Trilogy," the Supreme Court announces several principles to aid lower courts in determining whether arbitration may be compelled pursuant to a CBA. *See Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574 (1960); *Steelworkers v. Am. Mfg. Co.,* 363 U.S. 564 (1960); *Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593 (1960). First, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he

has not agreed so to submit." *Warrior & Gulf Navigation Co.,* 363 U.S. at 582. Second, "the question of arbitrability-whether a collective-bargaining agreement creates a duty for the parties to arbitrate the particular grievance-is undeniably an issue for judicial determination," unless the agreement "clearly and unmistakably provide[s] otherwise." *AT & T Tech., Inc. v. Commc'ns Workers of Am.,* 475 U.S. 643, 649 (1986). Third, the court must limit its inquiry to asking whether the claims are arbitrable and "is not to rule on the potential merits of the underlying claims." *Id.* at 649. Fourth and finally, "there is a presumption of arbitrability in the sense that an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *Id.* at 650.

## III.   DISCUSSION

Plaintiffs present two claims in this action: Count One asserts a breach of the Expired CBAs in violation of the LMRA; Count Two asserts that VEA's conduct constitutes a violation of ERISA to the extent that it is inconsistent with the Expired CBAs. VEA asks the Court to compel arbitration pursuant to the grievance process embodied in the 2006 and 2009 CBAs, despite the fact that those CBAs have expired. Generally, an arbitration clause is not effective after a CBA expires. *Litton Fin. Printing Div. v. NLRB*, 501 U.S. 190, 204 (1991). However, a dispute concerning an expired CBA "can be said to arise under the contract . . . where an action taken after expiration infringes a right that accrued or vested under the agreement." *Id.* at 205-06. Where such a dispute arises, it is arbitrable despite the fact that the CBA requiring arbitration has since expired. *See Austin v. Owens-Brockway Glass Container, Inc.*, 78 F.3d 875 (4th Cir. 1996), *abrogated on other grounds by Wright v. Universal Mar. Serv. Corp.*, 525 U.S. 70, 78 (1998).

Plaintiffs argue (as they must in order to present a viable ERISA claim) that the Expired CBAs created a welfare benefit plan to provide a retiree medical benefit, and that this benefit vested at the time of each Individual Plaintiff's retirement. Assuming for the sake of argument

that Plaintiffs' contention is correct, the Complaint asserts that VEA's action taken after expiration of the Expired CBAs infringes a right that vested under those contracts. As such, Plaintiffs claim is also subject to the arbitration requirement of the Expired CBAs, despite the fact that they are otherwise no longer in effect. *Litton*, 501 U.S. at 205-06.

Plaintiffs argue unpersuasively that *Litton* is not controlling in this case. Specifically, Plaintiffs assert that the holding of *Litton*—which involved a union making claims on behalf of current members—makes "much less sense" as applied to Individual Plaintiffs who are no longer subject to any CBA. (Pl.'s Mem. Opp'n Mot. 5.) However, the *Litton* Court was focused on when the right at issue accrued, rather than the party to whom it accrued. *Litton*, 501 U.S. at 205-06. At bottom, Plaintiffs assert that they currently possess a contractual right, and that the parties creating that right intended it to outlive the contract creating it. It makes little sense to presume that the same parties would "intend a pivotal dispute resolution provision to terminate for all purposes" upon expiration of the contract creating the right at issue. *Cincinnati Typographical Union v. Gannett*, 17 F.3d 906, 910 (6th Cir. 1994).

Plaintiffs also assert that the Expired CBAs do not give an arbitrator the authority to decide statutory rights of the Individual Plaintiffs. However, the Expired CBAs clearly and unmistakably submit all issues of arbitrability to the authority of the arbitrator. (2009 CBA, at 16; 2006 CBA, at 22.) The Expired CBAs contain clear and unmistakable evidence that the Parties "agreed to arbitrate arbitrability." *Peabody Holding Co., LLC v. UMW*, 665 F.3d 96, 102 (citing *Rent-A-Center, West, Inc. v. Jackson*, 130 S. Ct. 2772, 2778 n.1 (2010)) (noting that the "clear and unmistakable" test is satisfied by a provision stating "all disputes concerning the arbitrability of particular disputes under this contract are hereby committed to arbitration").

Further, the Supreme Court has held that "[b]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." *Mitsubishi Motors Corp. v. Soler ChryslerPlymouth, Inc.,* 473 U.S. 614, 628 (1985). ERISA is a statute designed to clarify and

vindicate contractual rights; the contract at issue in this case is a CBA; and "arbitrators are in a better position than courts *to interpret the terms of a CBA.*" *Wright*, 525 U.S. at 78. Even in the case of statutory rights that are not created by a CBA—for example, certain statutory rights created by Title VII or the Americans With Disabilities Act—the Supreme Court has held that such statutory rights may be subject to arbitration if the CBA's waiver of a judicial forum is clear and unmistakable. *Wright*, 525 U.S. at 80.

Although the Expired CBAs do not reference ERISA, to the extent that VEA and VPSA intended to create an employee benefit plan within the scope of ERISA, they also agreed to submit to binding arbitration for any "violation, misinterpretation, misapplication, or inequitable application" of a benefit plan created by the Expired CBAs. (2009 CBA, at 13; 2006 CBA, at 19.) Unlike statutory rights that have been deemed outside the scope of an arbitration provision, *see, e.g.*, *Wright*, 525 U.S. at 81, Plaintiffs' rights under ERISA depend on whether the retiree medical benefit provision of the Expired CBAs was violated, misinterpreted, incorrectly applied, or inequitably applied.

The Plaintiffs' claims arise directly from the terms of the Expired CBAs. The Expired CBAs clearly and unmistakably submit all such disputes to arbitration, including the scope of arbitration and issues of arbitrability.

## IV.    CONCLUSION

For the foregoing reasons, the Court will GRANT the Motion, STAY this action, and COMPEL arbitration as provided in the Expired CBAs.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Senior U. S. District Judge

ENTERED this __28th__ day of April 2014.